IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERTO BANNISTER | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 02-4047 |
| INS | : |

**ORDER**

AND NOW, this          day of April, 2003, upon consideration of Plaintiff's Motion for Appointment of Counsel Under the Criminal Justice Act, it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

_____
J. CURTIS JOYNER,       J.

---

[1] The decision as to whether or not to appoint counsel to represent an indigent civil litigant is one which rests within the discretion of the district court. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). In so deciding, the district court must consider as a threshold matter the merits of the plaintiff's claim; if the court determines that the plaintiff's claim has arguable merit in fact and law, it should then consider a number of additional factors that bear on the need for appointed counsel including the plaintiff's ability to present his or her case, the plaintiff's education, literacy, prior work experience and prior litigation experience. Tabron, 6 F.3d at 155-156.

Applying these factors here, we find that plaintiff's claim is of questionable merit and that while his efforts to represent himself are undoubtedly hampered by his incarceration, he has nevertheless proven himself capable of researching the law and advancing coherent legal arguments. We thus conclude that he is able to represent himself in these proceedings.